# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ISOMEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM DIRECT, INC., et al., <br><br> Defendants. | CASE NO. C08-1733JLR <br><br> ORDER |

This matter comes before the court on Defendant VistaPrint USA Inc.'s ("Vista Print") motion to dismiss or in the alternative for a more definite statement (Dkt. # 10) and Plaintiff Isomedia, Inc.'s ("Isomedia") motion for leave to file its Second Amended Complaint (Dkt. # 22). Having reviewed the papers submitted by the parties, for the following reasons, the court GRANTS the motion for a more definite statement, DENIES the motion to dismiss as moot and GRANTS the motion for leave to file its Second Amended Complaint. Plaintiff has twenty-one (21) days to file an amended complaint addressing the issues outlined by the court. If the amended complaint is either not filed within the prescribed time period or does not address the issues identified by the court, this case shall be dismissed.

ORDER – 1

## I. BACKGROUND

On December 2, 2008, Isomedia filed a complaint against nine defendants alleging that they violated the CAN-SPAM Act, 15 U.S.C. § 7704(a); the Washington Commercial Electronic Mail Act, RCW 19.190.020; and Washington's Consumer Protection Act, RCW 19.86. (*See* Compl. ¶¶ 26-32.) Isomedia filed its First Amended Complaint ("FAC") on December 22, 2008, increasing the number of defendants to twelve. (*See* First Am. Compl. (Dkt. # 2) ¶¶ 1-13.) The causes of action remained the same. (*See* First Am. Compl. ¶¶ 29-35.)

VistaPrint moved to dismiss the complaint or in the alternative for a more definite statement. Defendant Paragon Solutions joined (Dkt. # 18) in VistaPrint's motion. Isomedia subsequently filed for leave to amend its complaint to "remedy immaterial errors" such as whether it is a corporation or an LLC and to exclude a reference to "whew.com." (Reply (Dkt. # 30) at 4.) It contends that the "core" allegations in the Second Amended Complaint ("SAC") remain the same.

## II. ANALYSIS

**A.  Motion for More Definite Statement**

The court first addresses the motion for more definite statement. Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

"[T]he judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in

ORDER – 2

the particular case, and may dismiss the complaint if his order is violated." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

VistaPrint argues that without a more definite statement it will be unable to raise certain defenses and frame a responsive pleading. It requests that the court order Isomedia "to provide a more definite statement that includes, at a minimum, (1) the number of emails at issue; (2) the time frame during which the emails were sent; (3) the addresses and domain names that received the emails; and (4) a brief summary of the factual basis upon which the plaintiff claimed that the defendant sent the emails." (Mot. at 10 (citation and internal quotation marks omitted).)

The court agrees with VistaPrint that the FAC is so ambiguous that Defendants cannot reasonably be expected to frame a responsive pleading. The FAC does not inform each Defendant when the allegedly illegal emails were sent or even to which email addresses. Without such information, it is impossible for each Defendant to conduct a meaningful investigation to determine whether to admit or deny sending the emails. Even though Isomedia claims that it has provided VistaPrint with "thousands of emails they have sent to Isomedia," this does nothing to remedy the problem with the FAC. (Resp. (Dkt. # 20) at 22.) It is not clear whether Isomedia intends to rely on each and every email as a violation of the statute or to rest its claims on a subset of the produced emails. It merely states, "all of the information that VistaPrint ostensibly seeks is contained within the thousands of emails they have sent to Isomedia . . . ." (*Id.*) Because of the deficiencies in the complaint, the court orders Isomedia to, within twenty-one (21) days, file an amended complaint that identifies for each Defendant: (1) the time frame over which the emails were sent; (2) the number of emails at issue; (3) the addresses and domain names that received the emails; and (4) a brief factual basis upon which Isomedia claims the defendant sent the emails.

ORDER – 3

Because the court is granting Isomedia leave to file an amended complaint, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is moot. VistaPrint (or any other defendant) is, however, free to renew or file an amended motion to dismiss based on Isomedia's revised complaint.

**B.     Motion for Leave to File SAC**

Isomedia has also moved for leave to file its SAC.[1] (*See* Mot. (Dkt. # 22) at 2-3.) Isomedia seeks to file the SAC "in order to correct several immaterial errors in the FAC, to add additional allegations arising from the evidence, and to clarify Plaintiff's business entity status." (Mot. at 2.) Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Defendants have not given consent for Isomedia to file the SAC.

Although the court finds that the changes proposed by the SAC do nothing to correct the problems identified above, the court GRANTS the motion for leave to file the SAC. Isomedia is on notice, however, that the court's order to file an amended complaint above does not give it license to add any additional information beyond that which has been expressly requested by the court. If Isomedia wishes to make changes in addition to those required by the court it must file another motion to amend its complaint.

## III.  CONCLUSION

For the foregoing reasons the court GRANTS the motion for more definite statement, DENIES the motion to dismiss as moot and GRANTS the motion for leave to

---

[1] VistaPrint filed a surreply (Dkt. # 32) seeking to strike portions of Isomedia's reply regarding the motion for leave to amend. VistaPrint contends that portions of the reply brief constitute improper additional argument on the motion to dismiss or in the alternative for a more definite statement. The court has reviewed Isomedia's reply regarding the motion for leave to amend and it strikes the argument found at page 3, line 8, through page 4, line 12, as improper.

ORDER – 4

file the SAC. Isomedia is directed to file, within twenty-one (21) days an amended complaint that includes the information specified by the court.

DATED this 26th day of March, 2009.

JAMES L. ROBART
United States District Judge

ORDER – 5