Hon. James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ISOMEDIA, INC., a Washington corporation, ISOMEDIA.COM, L.L.C., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SPECTRUM DIRECT, INC., a California corporation; VISTAPRINT USA, INC., a Delaware corporation; PROSPER, INC., a Utah corporation; COSTA MARKETING GROUP, INC., a Florida corporation; PARAGON SOLUTIONS NETWORK, INC., a California corporation; MEDICAL HAIR RESTORATION, INC., a Florida corporation; GREEN BULLION FINANCIAL SERVICES, LLC, a Florida limited liability company; DIRECT WINES, INC., a Delaware corporation; AMERICAN SATELLITE, INC., a Nevada corporation; and JOHN DOES, I-CC,<br><br>Defendants. | Case No.  C-08-1733-JLR<br><br>**DEFENDANT VISTAPRINT USA, INCORPORATED'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**<br><br>NOTED ON MOTION CALENDAR: OCTOBER 16, 2009 |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER
C-08-1733-JLR

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

## I. INTRODUCTION

Plaintiffs Isomedia Inc. and Isomedia.com LLC's Motion for a Protective Order ("Motion") should be denied because it is both procedurally improper and substantively meritless. First, Plaintiffs never met and conferred prior to filing the Motion, which is grounds for awarding VistaPrint USA, Inc. ("VistaPrint") its fees and costs in opposing the Motion. Civil L.R. 37. Second, Plaintiffs seek to avoid discovery on highly relevant information, some of which Plaintiffs sought from VistaPrint. The law favors the discovery sought by VistaPrint and, as such, the Motion should be denied.[1]

## II. ARGUMENT

### A. Plaintiffs' Motion is Procedurally Improper.

The Motion is procedurally improper because Plaintiffs failed to meet and confer prior to its filing. Pursuant to Fed. R. Civ. P. 26(c), a party moving for a protective order must include a "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Civil Local Rule 37 states that "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party … **willfully refuses to confer,** fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR 3 of these rules." Civil L.R. 37 (emphasis added).

Plaintiffs made no effort to confer regarding the disputed discovery requests. (Declaration of Joseph S. Leventhal In Support of Opposition to Motion for Protective Order ("Leventhal Decl."), ¶ 4.) Rather, as Plaintiffs admit, they merely "filed objections and advised [VistaPrint] that [they] intended to move the Court for a protective order." (Motion at 5:1-6.) Plaintiffs thus concede that they ignored the meet and confer process required by the Federal and Local Rules to try to immediately obtain judicial relief. *See id.* It is very likely that, had Plaintiffs followed the

---

[1] Plaintiffs also improperly noted their Motion for October 16, 2009. Because October 12th was not a judicial day, Plaintiffs should have noted their Motion for no earlier than October 19, 2009. Civil L.R. 7(d)(2)(D).

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER
C-08-1733-JLR

1.

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

Federal and Local rules, the Motion would have been unnecessary.[2]

### B. Plaintiffs' Motion Lacks Merit.

The Motion seeks to avoid complying with proper discovery propounded by VistaPrint. Plaintiffs try to avoid discovery on two main issues: 1) personal identifying information of Isomedia customers; and 2) settlement communications and agreements with other defendants. (Motion at 1:16-20.) Fed. R. Civ. P. 26(b) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense – including ... the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by the Federal Rules is broad, and "the time honored cry of 'fishing expedition' [cannot] serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947); (*compare* Motion at 7:8-10 (claiming VistaPrint's discovery is a "fishing expedition")).

Under the Federal Rules, "the party resisting discovery has a heavy burden of showing why discovery should be denied." *Morden v. T-Mobile, Inc.*, No. C05-2112, 2006 U.S. Dist. LEXIS 42047, at *6 (W.D. Wash. June 22, 2006) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Where a party resisting discovery seeks a protective order, that party must establish "good cause" for that order. Fed. R. Civ. P. 26(c); *see also* 8 Wright, Miller, & Marcus, *Fed. Prac. & Proc.* § 2035 (2d ed. 2009). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Because Plaintiffs make no legitimate claim as to prejudice or harm, Plaintiffs have not met the high burden required for a protective order and the Court may properly deny the Motion.

#### 1. Discovery Regarding Plaintiffs' Customers is Proper.

VistaPrint seeks identifying information of Plaintiffs' customers for three main reasons: 1) to substantiate Plaintiffs' claim regarding a loss of 300 customers purportedly resulting from

---

[2] Plaintiffs also failed to file a proposed order as required by Local Rule 7(b) until October 13th, the day VistaPrint's opposition was due, which provides another basis on which the Motion should be denied. Even with the late filing of a proposed order, the Motion is unclear with respect to what discovery requests and/or interrogatories Plaintiffs seek to avoid.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER                 2.
C-08-1733-JLR

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

VistaPrint's conduct; 2) to determine whether VistaPrint's emails were misleading under the CAN-SPAM Act and to test Plaintiffs' novel opt-out theory; and 3) to determine whether the email addresses at issue belong to Washington residents. *See Gordon v. Virtumundo,* 575 F.3d 1040, 1054, n.12 (9th Cir. 2009) (standing under CAN-SPAM Act requires ISP establish harm and causal link between defendant and harm); Wash. Rev. Code § 19.190.020 (creating liability only for email sent to Washington residents); 15 U.S.C. § 7706(g)(1) (permitting recovery of either actual or statutory damages under CAN-SPAM Act).[3]

Despite the obvious relevance and discoverability of this information under the Federal Rules, Plaintiffs incorrectly contend that this Court should enter a protective order completely denying VistaPrint the requested information. (Motion at 11:15-19.) But Plaintiffs' arguments are without merit. First, Plaintiffs apparently believe that their "word" that they experienced harm is legally sufficient for standing,[4] and on that basis attempt to deny VistaPrint any ability to investigate or substantiate their alleged harm and damage. (*See* Motion at 8:3-9:2.) But VistaPrint presumptively has the right, pursuant to Fed. R. Civ. P. 26(b), to discovery regarding "any party's claim or defense." The identity of the 300 customers, as well as the owners of the email addresses, implicate both Plaintiffs' claims and VistaPrint's affirmative defenses. (*See* Second Amended Complaint ("SAC"), Dkt 49, ¶ 23, 29; Defendant VistaPrint's Answer to

---

[3] Washington law requires Plaintiffs to establish that the emails were sent to Washington residents. Wash. Rev. Code § 19.190.020. Even if the state claims are dismissed, the Motion should be denied because the federal claims require Plaintiffs to establish that they were "adversely affected" by the alleged statutory violations. 15 U.S.C. § 7706(g); *Gordon*, 575 at 1052-53. This requires a plaintiff to provide "evidence of some combination of operational or technical impairments and related financial costs attributable to unwanted commercial e-mail." *Gordon*, 575 F.3d at 1054. Among the harms claimed by Plaintiffs is a loss of "over 300 customers relating to spam issues with an average revenue per subscriber of $88/month." (SAC, ¶ 29.)

[4] Plaintiffs cite *Gordon* for the proposition that the Court can assume their harm. (Motion at 8:11-15.) As an initial matter, it seems dubious that Isomedia is the type of ISP to which the Court was referring. *See Gordon*, 575 F.3d at 1055 (citing such ISPs as America Online, Microsoft and Earthlink as the type of "plainly legitimate Internet access service providers" for whom adequate harm might be presumed.) But even if the Court presumed harm for purposes of standing, VistaPrint would still need information regarding the 300 customers to establish a causal connection between the alleged harm and the emails allegedly sent by VistaPrint, as well as to substantiate Plaintiffs' claims for damages.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER
C-08-1733-JLR

3.

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

Plaintiffs' Second Amended Complaint, Separate and Additional Defenses, Dkt. 123, ¶ 15.) Indeed, Plaintiffs have already provided VistaPrint with what appears to be a list of customer cancellations (with some entries reflecting the phone number and name of the cancelled customer), many of which appear to be for non-spam related reasons, such as non-payment or a desire to switch from dial-up to DSL internet. As Plaintiffs have already provided personal identifying information regarding a number of their customers, VistaPrint's request that Plaintiffs provide personal identifying information for the 300 customers specifically lost due to spam, and the owners of the email addresses at issue, is clearly both proper and feasible for Plaintiffs.

Second, one of Plaintiffs' main theories appears to be that all of Isomedia's customers granted Isomedia power of attorney to opt out from receiving commercial electronic mail on their behalf, and that VistaPrint continued to send commercial electronic mail to Isomedia customers after Isomedia opted out from receiving such email. (Plaintiffs' Motion for a Preliminary Injunction, Dkt. 50, at 2:20-3:20.) Plaintiffs claim that this is a violation of the CAN-SPAM Act. Isomedia's customers are, therefore, key third-party witnesses regarding Isomedia's alleged power of attorney, Isomedia's method of opting out from commercial electronic mail and the continued receipt of such email by Isomedia's customers following the alleged opt out. *See id.* Discovery from Plaintiffs' customers – those who received the emails – is also relevant to whether the emails were misleading under the CAN-SPAM Act, as Plaintiffs allege. (*See* SAC, ¶ 24.)

Third, Plaintiffs disingenuously argue that identifying their customers will constitute an invasion of privacy so egregious that the information should be withheld from VistaPrint. (Motion at 9:4-10:10.) But the fact that the information is private does not alone obviate Plaintiffs' discovery obligations.[5] *See, e.g., Mackey v. IBP, Inc.,* 167 F.R.D. 186, 197 (D. Kan. 1996) ("Confidentiality may occasion a protective order, pursuant to Fed. R. Civ. P. 26(c), to

---

[5] Plaintiffs inexplicably cite *Nelson v. NASA*, 530 F.3d 865, 877-78 (9th Cir. 2008) to support their contention that the privacy interests of their customers obviate their discovery obligations. (Motion at 5:21-6:12.) But *Nelson* involved a Constitutional challenge to governmental intrusion on privacy, and is therefore inapposite to Plaintiffs' argument regarding the privacy of its customers vis-à-vis a private party such as VistaPrint.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER
C-08-1733-JLR

4.

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

restrict the use of requested information. Confidentiality, however, does not necessarily bar discovery."); 8 Wright, Miller and Marcus, *Fed. Prac. Proc.* § 2043 (noting "[i]t is well settled that there is no absolute privilege for trade secrets and similar confidential information; the protection afforded is that if the information sought is shown to be relevant and necessary, proper safeguards will attend disclosure."). In fact, because the Court entered a global protective order in this matter, Plaintiffs may designate this information "confidential" and disclose it with adequate protection. That the Motion lacks merit is further demonstrated by the fact that Plaintiffs publicly filed a list containing hundreds of private email addresses with the Second Amended Complaint and did not seek any sort of privacy protection. (*See* SAC, Ex. A.)

### 2. Plaintiffs Cannot Seek to Protect Settlement Agreements Because They Are Relevant and Plaintiffs Sought the Same From VistaPrint.

Although they now object to VistaPrint's request for settlement agreements in this and related cases, Plaintiffs requested the very same category of documents from VistaPrint in their document requests.[6] (*See* Plaintiff's First Set of Discovery Requests, Leventhal Decl., Ex. A at 18:23-19:3.) Had Plaintiffs actually initiated the meet and confer process required by the Federal and Local Rules, VistaPrint would have worked with Plaintiffs to come to a mutually agreeable resolution regarding these requests. Prior settlements are relevant, for example, to determine to what extent Plaintiffs truly associate "spam" email with damage to their business and whether Plaintiffs have been adequately compensated for the purported expenses associated with "spam" email. While not essential discovery, there is nothing malicious about VistaPrint's requests and such discovery is likely to lead to the discovery of admissible evidence.

---

[6] Plaintiff Isomedia served its first set of discovery requests on VistaPrint on June 5, 2009, which included a Request that VistaPrint produce "[a]ll documents relating to any lawsuits, regulatory actions, complaints or correspondence between Defendant and any person, regulatory agency, consumer protection agency, court or other tribunal … ***including without limitation, any agreements entered into between the Defendant and any person compromising or otherwise settling any such lawsuits, regulatory actions, or complaints for the past 3 years.***" (Leventhal Decl., Ex. A at 18:23-19:3) (emphasis added.)

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
C-08-1733-JLR
5.
COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

### C. The Court Should Award VistaPrint Its Attorneys' Fees For Opposing the Present Motion.

Pursuant to Civil Local Rule 37, if the Court finds that counsel "willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer," the Court may take action pursuant to General Rule 3, which permits the Court to levy whatever sanctions the Court deems appropriate. *See* Civil L. R. 37; G.R. 3. It is additionally within the Court's inherent equitable power to award attorneys' fees where, as here, a plaintiff not only willfully disobeyed the rules governing discovery, but also vexatiously and unnecessarily multiplied the pleadings in the case. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) ([u]nder its "inherent powers," a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts in bad faith, vexatiously, wantonly, or for oppressive reasons.").

VistaPrint incurred at least $6,605.00 in fees and costs associated with this unnecessary opposition. (Leventhal Decl., ¶ 5.) The Court should award this amount in VistaPrint's favor.

### III. CONCLUSION

For the foregoing reasons the Court should deny Plaintiffs' motion and award VistaPrint its attorneys' fees incurred in opposing the Motion.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER
C-08-1733-JLR

6.

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700

| | | |
|---|---|---|
| 1 | Dated: October 13, 2009 | |
| 2 | | */s/ Christopher B. Durbin* |
| | | CHRISTOPHER B. DURBIN |
| 3 | | COOLEY GODWARD KRONISH LLP |
| | | WSBA# 41159 |
| 4 | | 719 Second Ave., Ste 900 |
| | | Seattle, WA  98104 |
| 5 | | Telephone: 206-452-8700 |
| | | Fax: 206-452-8800 |
| 6 | | Email: cdurbin@cooley.com |

Dated: October 13, 2009

*/s/ Christopher B. Durbin*
CHRISTOPHER B. DURBIN
COOLEY GODWARD KRONISH LLP
WSBA# 41159
719 Second Ave., Ste 900
Seattle, WA  98104
Telephone: 206-452-8700
Fax: 206-452-8800
Email: cdurbin@cooley.com

COOLEY GODWARD KRONISH LLP
JOSEPH S. LEVENTHAL (*Pro Hac Vice*)
MICHAEL G. RHODES (*Pro Hac Vice*)
4401 Eastgate Mall
San Diego, CA  92121

Attorneys for Defendant VistaPrint USA, Incorporated

649701/SD

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SEATTLE

VISTAPRINT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A PROTECTIVE ORDER
C-08-1733-JLR

7.

COOLEY GODWARD KRONISH LLP
719 SECOND AVE., STE. 900, SEATTLE, WA 98104
206-452-8700