UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| **ISOMEDIA, INC.** a Washington corporation; **ISOMEDIA.COM, L.L.C.**, a Washington limited liability company,<br><br>Plaintiffs,<br>v.<br>**SPECTRUM DIRECT, INC.**, a California corporation; **VISTAPRINT USA, INC.**, a Delaware corporation; **PROSPER, INC.**, a Utah corporation; **MEDICAL HAIR RESTORATION, INC.**, a Florida corporation; **GREEN BULLION FINANCIAL SERVICES, LLC**, a Florida limited liability company; **DIRECT WINES, INC.**, a Delaware corporation; **AMERICAN SATELLITE, INC.**, a Nevada corporation; and JOHN DOES, I-CC,<br><br>Defendants. | NO. CO8-1733<br><br>**THIRD AMENDED COMPLAINT FOR PENALTIES AND DAMAGES UNDER THE CAN-SPAM ACT OF 2003; AND INJUNCTIVE RELIEF**<br><br>[JURY DEMANDED] |

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff **ISOMEDIA, INC.** (hereinafter "**ISOMEDIA**") is a Washington corporation, with its principal place of business in Seattle, Washington, and at all relevant times hereto was duly registered and licensed to do business in the State of Washington.

2. **ISOMEDIA.COM, LLC**, is a Washington Limited Liability Company, with its principal place of business in Seattle, Washington, is an entity wholly owned by

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -1
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

Isomedia, Inc., and at all relevant times hereto was duly registered and licensed to do business in the State of Washington. (referenced herein collectively with Isomedia, Inc. as **"ISOMEDIA"** or **"Plaintiff"**).

3. On information and belief, Plaintiff alleges that Defendant **SPECTRUM DIRECT, INC. ("SPECTRUM")** is a California corporation, with its principal places of business in the state of California, doing business as, 'Health Quote Finder'; 'American Life Direct'; and other internet aliases.

4. On information and belief, Plaintiff alleges that Defendant **VISTAPRINT USA, INC., ("VISTAPRINT")** is a Delaware corporation, with its principal place of business in the state of Massachusetts, doing business as, 'VistaPrint USA,', and other internet aliases.

5. On information and belief, Plaintiff alleges that **Defendant PROSPER, INC., ("PROSPER")** is a Utah corporation, with its principal place of business in the state of Utah.

6. On information and belief, Plaintiff alleges that **Defendant MEDICAL HAIR RESTORATION, INC., ("MEDICAL HAIR")** is a Florida corporation, with its principal place of business in the state of Florida.

7. On information and belief, Plaintiff alleges that **Defendant GREEN BULLION FINANCIAL SERVICES, LLC, ("GREEN BULLION")** is a Florida limited liability company, with its principal place of business in the state of Florida.

8. On information and belief, Plaintiff alleges that Defendant **DIRECT WINES, INC., ("DWI")** is a Delaware corporation, d/b/a, "BEVERAGE SOLUTIONS" and numerous other internet aliases with its principal place of business in the state of Illinois.

9. On information and belief, Plaintiff alleges that **Defendant AMERICAN SATELLITE,, Inc. ("ASI")** is a Nevada corporation, with its principal place of business in the state of Nevada.

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -2
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

## Jurisdiction and Venue

10. Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question), for violations of the CAN-SPAM Act of 2003 (15 U.S.C. § 7701 et seq.), and original jurisdiction under 15 U.S.C. § 7706(g)(1) for cases involving a civil action by an internet access service adversely affected by a violation of 15 U.S.C. § 7704(a)(1), 15 U.S.C. § 7704(b), or 15 U.S.C. § 7704(d), or a pattern of practice that violates paragraphs (2), (3), (4), or (5) of section 15 U.S.C. § 7704(a).

11. The Court also has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity).

12. This Court has supplemental, and pendant jurisdiction of state law claims pursuant to U.S.C. § 1367, arising from the same facts as pled below, also brought for violations of the Revised Code of Washington RCW 19.190 et seq., and RCW 19.86 et seq.

13. Defendants have purposely availed themselves of the privileges of conducting commercial activity in the forum, and the exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum State when they sent, or had commercial emails sent to email accounts in the State of Washington such as Plaintiffs'. *Aitken v. Communications Workers of America,* 496 F. Supp. 2d 653 (E.D. Va., 2007); *Verizon Online Services, Inc. v. Ralsky,* 203 F. Supp. 2d 601 (E.D. Va., 2002); and *Internet Doorway, Inc. v. Parks,* 138 F. Supp. 2d 773 (S.D. Miss., 2001).

14. Venue is proper pursuant to 28 U.S.C. §1391, as a substantial part of the unlawful actions by the Defendants occurred in this judicial district, namely the subject emails were sent to email addresses, and received on servers and protected computers located in the State of Washington, and particularly in the Western District of Washington.

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -3
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

## General Allegations

15. During all times relevant hereto, and through the present, Plaintiff ISOMEDIA was a Washington resident that provided and enabled email services for multiple users on a computer server that provides email forwarding services, domain registration and updating, site construction, hosting and maintenance to Plaintiff's customers.

16. At all relevant times herein ISOMEDIA was an "internet access service" ("IAS") as defined under 15 USC 7702(11) and 47 USC 231(e)(4), and an "interactive computer service" ("ICS") under RCW 19.190.010(8).

17. The email accounts hosted and served by Plaintiff IAS/ICS include email accounts owned by third-party customers of Plaintiffs' IAS/ICS, and also include email accounts owned by Plaintiffs, collectively the "Email Addresses" and/or "Recipient Address" and individually and generically an "Email Address"

18. During 2008 Plaintiffs received numerous electronic-mail messages sent and/or initiated by or on behalf of each of the Defendants and addressed to the Email Addresses. (collectively the "Emails" or individually and generically as an "Email").

19. The Emails, and each of them, were received by Isomedia on its servers located in Seattle, Washington.

20. Each of the Emails, violate the law in one or more of the following ways:

    a.    intentionally misrepresents and/or obscures information that could be used in identifying the point of origin or the transmission path thereof;

    b.    contains header information that is materially false or materially misleading;

    c.    fails to include, or contain a valid physical address in the body of the email, or contains multiple addresses, none of which identify the actual sender clearly and or conspicuously in violation of 15 USC 7704(a)(5)(A)(iii);

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -4
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

     d.     fails to adequately identify the Email as a commercial solicitation in violation of 15 USC 7704(a)(5)(i);

     e.     uses an originating electronic mail address, domain name, or Internet Protocol address the access to which for purposes of initiating the message was obtained by means of false or fraudulent pretenses or representations;

     f.     fails to accurately identify the actual sender of the Email in the header "From" name line and or "Return Path" and/or "Transmission Path", or in the body of the Email;

     g.     fails to include and/or maintain a functioning return electronic mail address, or other Internet-based mechanism, capable of receiving messages or communications a recipient may use requesting not to receive future electronic mail messages from that sender, for the 30 day period mandated under 15 USC 7704(a)(3) ;

     h.     was sent to and received at the Recipient Addresses subsequent to notice provided to Defendant to cease and desist sending unsolicited, unwanted, and unlawful Email in violation of 15 USC 7704(a)(4);

     i.     was sent from a domain which used scripts or other automated means to register for multiple domains, electronic mail accounts or online user accounts from which to transmit to a protected computer, or enable another person to transmit to a protected computer, a commercial electronic mail message that is otherwise unlawful in violation of 15 USC 7704(b)(2);

     j.     was sent as part of pattern or practice that violates 15 USC 7704(a) sections (2), (3),(4) or (5).

21. Defendants initiated the transmission of the Emails, and each of them. In the alternative, Defendants conspired or otherwise acted in collusion with another or others, or assisted another or others to transmit the Emails, and each of them.

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -5
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

22. At all times material hereto, Defendants knew or had reason to know that the Recipient Addresses, and each of them, were and are held by a Washington resident.

23. As a result of the receipt of spam in general, including the receipt of the Emails at issue herein, Plaintiff has incurred the following costs, and suffered the following damages:  Had to purchase 7 additional servers at a cost of $2,000 each; Had to purchase 10Mb/s additional bandwidth at a cost of $230 per month; Had to pay 2 FTE for technical staff to deal with spam and spam related issues at an average fully burdened rate of $6,000 per month; Lost over 300 customers relating to spam issues with an average revenue per subscriber of $88/month.

**FIRST CAUSE OF ACTION – CAN-SPAM ACT**
**15 U.S.C. §7701 et seq.**

24. On the basis of the facts set forth herein, Defendants initiated the transmission of the Emails, and each of them, to a protected computer in violation of 15 U.S.C. §7704(a)(1) and/or (3), and/or (4), and/or (5) and/or engaged in a pattern or practice in violation of §7704(b)(2) causing damage to Plaintiff ISOMEDIA as the provider of the Internet access service receiving each such Email, and entitling Plaintiff to statutory damages of $100.00 and/or $25.00 per each such violation as provided in 15 U.S.C. §7706(g)(3)

25. Defendants did willfully and knowingly so act in violation of the provisions of 15 U.S.C. §7704(b).

26. Plaintiffs are entitled to treble all statutory damages as set forth in 15 U.S.C. §7706 (g)(1)(C).

27. Plaintiffs, pursuant to 15 U.S.C. §7706 (g)(1)(A), furthermore seek a preliminary and permanent injunction against the Defendants for their current and future violations of the CAN-SPAM ACT of 2003 as Plaintiffs and members of the general public will continue to incur damages as a result of Defendants' unlawful actions.

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -6
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

28. Plaintiffs furthermore seek their attorney fees and costs against Defendants pursuant to 15 U.S.C. §7706 (g)(4).

# REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

1. Entry of a Judgment against the Defendants in the amount of $100 for each violation of 15 U.S.C. §7704(a)(1); $25 for each violation of 15 U.S.C. §7704(a)(3) and/or (4), and/or 15 U.S.C. § 7704(d), or a pattern of practice that violates paragraphs (2), (3), (4), or (5) of section 15 U.S.C. § 7704(a), plus such other and further damages as may be proved at trial, plus treble damages to the extent permitted by 15 U.S.C. §7706 (g) (3) (C), plus prejudgment and post-judgment interest at the highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to 15 U.S.C. §7706 (g) (4);

2. Entry of a permanent injunction against the Defendants prohibiting Defendants and each of them from sending or causing to be sent commercial electronic mail messages to domains hosted by Isomedia.

3. Such other and further relief as the Court deems just and equitable.

**RESPECTFULLY SUBMITTED this 5th day of November, 2009.**

| | |
|---|---|
| i.JUSTICE LAW, P.C. | DOUGLAS E. MCKINLEY, JR<br>Attorney at Law |
| /S/ Robert J. Siegel<br>Robert J. Siegel,<br>WSBA #17312<br>Attorney for Plaintiffs | /S/ Douglas E. McKinley, Jr.<br>Douglas E. McKinley, Jr.,<br>WSBA#20806<br>Attorney for Plaintiffs |

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -7
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

# EXHIBIT "A"

## Plaintiffs' More Definite Statement

This Court's Order of March 26, 2009 directed Plaintiffs' to provide a **More Definite Statement** of Plaintiff's claims by providing the following information:

**(1) The time frame over which the emails were sent.**
**(2) The number of emails at issue.**
**(3) The addresses and domain names that received the emails.**
**(4) A brief factual basis upon which Isomedia claims the defendant sent the emails.**

Plaintiff hereby provides the requested information as follows:

**(1) The time frame over which the emails were sent**

In all cases, Plaintiff received emails from each defendant that invited the recipient to "unsubscribe" or "opt-out" of receiving further emails by sending a letter to a physical address contained within the email. As alleged in Paragraph 26 (h) herein, the Plaintiff sent each defendant exactly such a request ("Notice to Stop"). Plaintiff has limited its claims for relief to email sent by each defendant subsequent to the Notice to Stop sent to that defendant. In some cases, defendants have continued to send this unwanted email throughout the pendency of this lawsuit. Accordingly, Plaintiff alleges that the time frame for the email sent subsequent to Plaintiff's Notice to Stop by each individual defendant and for which Plaintiff seeks recovery in this lawsuit are as follows:

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -8
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

| Defendant | First Email | Most Recent |
|---|---|---|
| AMERICAN SATELLITE, INC. | 10/16/2008 | 04/01/2009 |
| DIRECT WINES, INC. | 09/08/2008 | 04/01/2009 |
| GREEN BULLION FINANCIAL SERVICES, LLC, | 10/13/2008 | 04/01/2009 |
| MEDICAL HAIR RESTORATION, INC. | 08/27/2008 | 01/10/2009 |
| PROSPER, INC. | 08/27/2008 | 03/28/2009 |
| SPECTRUM DIRECT, Inc. | 08/27/2008 | 03/27/2009 |
| VISTAPRINT USA, INC. | 06/25/2008 | 03/29/2009 |

**(2) The number of emails at issue.**

Plaintiff alleges that the number of emails at issue herein sent by each defendant subsequent to Notice To Stop, and through April 5, 2009 is as follows:

| | |
|---|---|
| AMERICAN SATELLITE, INC. | 12,541 |
| DIRECT WINES, INC. | 8,627 |
| GREEN BULLION FINANCIAL SERVICES, LLC, | 3,871 |
| MEDICAL HAIR RESTORATION, INC. | 1,095 |
| PROSPER, INC. | 4.621 |
| SPECTRUM DIRECT, Inc. | 7,109 |
| VISTAPRINT USA, INC. | 19,937 |

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -9
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

**(3) <u>The addresses and domain names that received the emails.</u>**

Exhibit "A1" to the TAC submitted herewith contains the To lines of the emails at issue herein, which contain the addresses and domain names, which exhibit is hereby incorporated as though fully set forth herein.

**(4) <u>A brief factual basis upon which Isomedia claims the defendant sent the emails.</u>**

Isomedia alleges as follows:

Plaintiffs allege that the emails attributed to each defendant exhibit at least one, and typically all, of the following indicia that the defendant, or agents acting on behalf of that defendant, sent the email.

**A.** The emails attributed to each defendant include a representation that a recipient may contact that defendant, or its third party agent directly to "opt-out", or stop receiving emails by writing to that defendant alleged to be responsible for that email or its third party agent at a mailing address stated in the email;

**B.** The emails attributed to each defendant advertise that defendant's products and/or services indicating that either the defendant alleged to be responsible for that email sent the email, or the defendant alleged to be responsible for that email contracted with a third party to send it on that defendant's behalf;

**C.** The emails at issue contain an Internet URL that, if activated, ultimately re-directs the recipient to a web site owned, and/or operated, and/or maintained, and/or controlled by the defendant alleged to be responsible for that email.

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -10
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

#### CERTIFICATE OF SERVICE

I hereby certify that on November 5th, 2009, I electronically filed the attached document with the Clerk of the Court using the CM/ECF, which will provide notice to all counsel of record herein.

**/s/ Robert J. Siegel**
Robert J. Siegel, WSBA#17312

[THIRD] AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -11
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299