UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISOMEDIA, INC., et al., | CASE NO. C08-1733JLR |
| Plaintiffs, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| v. | |
| SPECTRUM DIRECT, INC., et al., | |
| Defendants. | |

Before the court is Defendants Green Bullion Financial Services, LLC and Direct Wines, Inc.'s motion for reconsideration (Dkt. # 280) and Defendant Prosper, Inc.'s motion for reconsideration (Dkt. # 281). The court has reviewed the motions for reconsideration. Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Because

ORDER- 1

Defendants have not made either showing in their respective motions, the court DENIES the motions for reconsideration (Dkt. # 280, 281).

In their motions, Defendants argue that the court erred in applying the summary judgment standard, characterizing the court's oral ruling as not allowing them to satisfy their initial burden on summary judgment by pointing out a lack of evidence to support Plaintiffs' claims. The court recognizes that oral rulings run the risk of sacrificing some of the clarity of written orders in favor of a more expeditious resolution of the issues. Nevertheless, the court is not persuaded that reconsideration is appropriate here.

As the court explained in its oral ruling, a party without the ultimate burden of persuasion at trial may meet its initial burden on summary judgment by showing that the nonmoving party does not have sufficient evidence to carry its burden. Contrary to Defendants' assertion, the court, in reviewing the motions for summary judgment, did not require Defendants to negate an essential element of Plaintiffs' case, but rather permitted Defendants to attempt to show that Plaintiffs did not have sufficient evidence to satisfy essential elements of their claims. This does not mean, however, that a moving party may simply identify a claim, assert that the nonmoving party has no evidence to support the claim, and thereby automatically satisfy its initial burden on summary judgment; rather, the summary judgment standard requires an actual showing that there is an absence of evidence. The nature of the showing that is necessary will vary depending on the factual and legal considerations at issue. To the extent a party attempts to meet this showing either principally or entirely through argument, the party must still persuade the court that it has shown an absence of evidence.

In this case, the court reviewed Defendants' arguments, as well as the pleadings, the discovery and disclosure materials on file, and the evidence in the record where appropriate, in determining whether summary judgment was warranted. The court will not delve into a claim-by-claim analysis in this order. As a result of its review, however, the court concluded that summary judgment was not appropriate as to all claims and therefore granted in part and denied in part Defendants' motions for summary judgment.

Prosper, Inc. also submits additional evidence in support of its motion for summary judgment. This evidence could have been submitted in connection with its motion for summary judgment through reasonable diligence. This evidence is thus insufficient to justify reconsideration.

Dated this 8th day of September, 2010.

                                           JAMES L. ROBART
                                           United States District Judge

ORDER- 3