THE HON. JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| **ISOMEDIA, INC.** a Washington corporation**,**<br><br>Plaintiff,<br>v.<br>**SPECTRUM DIRECT, INC.**, a California corporation, et al.<br><br>Defendants. | **NO. CO8-1733**<br><br>**PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE (DKT. 320; 325) AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED RESPONSES (DKT. 322; 324)** |

On September 21, 2010 this Court ordered Plaintiff to advise why "this case should not be dismissed *without* prejudice", stating "Failure to respond shall result in dismissal of the action by Judge James L. Robart". (Dkt. 320). Through this Order, the Court clearly communicated it's intention to dismiss the case *without* prejudice. For the reasons described herein, Plaintiff believed, and continues to believe, that the Court was not only correct in indicating that it would dismiss the case without prejudice, but also compelled to do so by binding authority. Accordingly, Plaintiff chose not to respond, but rather to allow the Court to simply effectuate its apparent intent and to dismiss the case without prejudice.

Subsequently, both Defendants, Prosper, Inc., and Direct Wines, Inc. filed unsolicited and unauthorized responses to the Court's Show Cause Order (Dkt. 322 and 324) arguing that the

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -1
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

case should be dismissed with prejudice and that the Defendants should be awarded their attorney fees. The Court then ordered Plaintiff to respond. (Dkt. 325). Plaintiff therefore respectfully responds as follows:

**1.     Dismissal *Without* Prejudice Is Required Under FRCP 41(a)(2), Which Controls When A Plaintiff Voluntarily Dismisses The Action.**

Dismissals are controlled by FRCP 41. Here, Plaintiff effectively moved for a voluntary dismissal at the hearing of September 17, 2010 (hereafter "the hearing") as a result of several other rulings made at the hearing. Specifically, after the Court's ruling denying Plaintiff's oral motion for a continuance, the Court's ruling denying Plaintiff's oral motion to designate a new witness to authenticate the emails at issue, and the Court's ruling excluding the spam emails at issue, Plaintiff agreed with the Court that prosecution of the case would be futile under the circumstances, and effectively moved for a voluntary dismissal or non-suit of this case. Verbatim Report Of Proceedings Of September 17, 2010 Hearing ("VRP") Dkt. 321, at 33:2-3. Thus, Rule 41 section (a)(2) governs. The rule states in pertinent part:

> **"Unless otherwise specified in the order, a dismissal under this paragraph is <u>without prejudice</u>."** *emphasis added.*

In its Order To Show Cause (Dkt. 320) the Court correctly indicated its intent to dismiss *without* prejudice. Defendants' unwarranted protestations to the contrary, the Court should follow the Rule and dismiss without prejudice.

**PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE**
**AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED**
**RESPONSES** -2
<u>**ISOMEDIA v. SPECTRUM DIRECT, ET AL.**</u>

**i.Justice Law, PC**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

**2.     Dismissal Without Prejudice Is Required Where A Case Is Not Decided "On The Merits".**  There is a well established policy in the Federal courts favoring adjudication and disposition of cases on the merits.  See, e.g., Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 229-30, 9 L.Ed.2d 222 (1962); Shea v. Donohoe Constr. Co., 795 F.2d 1071, 1075 (D.C.Cir.1986); Aoude, 892 F.2d at 1118; Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL Sec. 1357, at 599 & n. 67 (1969); see also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

As the Court is well aware, this case is not being dismissed on the merits, but rather is being dismissed as a consequence of the Court's ruling on the authentication of Plaintiff's key evidence, i.e., the spam emails at issue.  Plaintiff would suggest that the Court's ruling on this threshold issue was, at a minimum, a close call.  However, regardless of how close the call was, the Court itself acknowledged that the flaw in Plaintiff's evidence could likely have been cured with the designation of an appropriate witness (ie. counsel's consultant who downloaded the spam from the Plaintiff's server on behalf of counsel). Dkt. 321, at 21:23-22:6, and 39:13-20. The Court also acknowledged more than once that Plaintiff's claims had merit, and declined to dismiss the action on multiple motions for summary judgment by Defendants.

With the benefit of hindsight, Plaintiff recognizes the Court's wisdom in not proceeding to trial given the posture of the case following the Court's rulings.  Any deficiencies in authenticating the evidence will easily be remedied by refiling the case and designating counsel's consultant as a witness who will close the only gap in the chain of custody.  Given this simple

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES  -3
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

remedy, having a jury trial with the issue of authentication looming as a possible reason for the Circuit Court to order a re-trial would not have been a prudent use of limited judicial resources. However, notwithstanding the wisdom of the Court's ruling, the ruling was not on the merits of the Plaintiff's claims. Instead, Plaintiff's claims were dismissed, in essence, due to Plaintiff's late disclosure of a witness.

Dismissal for the late disclosure of a witness is not a dismissal on the merits. Further, as will be shown below, Defendant Direct Wines also disclosed their key witness at the last minute, and a critical element of Defendant Prosper's entire defense rested on testimony about a witness they had never disclosed. Indeed, at the hearing, Plaintiff had a motion pending to strike testimony from and about Prosper's non-disclosed witnesses, and had come prepared to bring a motion to strike Defendant Direct Wine's improperly disclosed witness. If the Court had allowed Plaintiff to introduce the spam emails into evidence and the trial to proceed, the Court could easily have found itself striking or postponing the trial based on the Defendants' failure to properly designate these defense witnesses. However, regardless of either side's failure to properly designate witnesses, there simply was never any decision on the merits of the case. For that reason alone, it would be improper to dismiss the Plaintiff's claims with prejudice.

**3. Attorney Fees Should Not Be Awarded Where The Case Is Voluntarily Dismissed And Not Adjudicated On The Merits.** Defendants fail to apprise the Court of the controlling authority in the Ninth Circuit on this issue. In *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009), a copyright infringement action, the Ninth Circuit Court Of Appeals considered the right of a party defendant to an attorney fee award in light of a voluntary dismissal by plaintiff. In overruling its prior authority on the issue, and vacating the trial court's award of fees to

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -4
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

**i.Justice Law, PC**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

defendant, the Circuit Court adopted the Supreme Court's "material alteration" rule enunciated in *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). The Circuit Court held:

> Our analysis begins with the definition of "prevailing party" set forth by the Supreme Court in *Buckhannon Board & Care Home, Inc. v. West* Virginia Department of Health & Human Res., 532 U.S. 598, 600 (2001). P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1167 (9th Cir. 2007).[2] In Buckhannon, the Supreme Court noted that prevailing party status requires that a party "received a judgment on the merits, or obtained a court-ordered consent decree." *Buckhannon*, 532 U.S. at 605 (internal citations omitted). Additionally, such relief must "create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id*. at 604 (internal quotation marks omitted).
> 
> First, we consider whether a dismissal without prejudice constitutes a judgment on the merits. We have repeatedly held that "a dismissal without prejudice is not a decision on the merits" for the purposes of res judicata. (citations omitted). Although these cases are distinguishable because they address claim preclusion rather than attorneys' fees, they provide persuasive authority. We also find persuasive authority in *Star Northwest Inc. v. City of Kenmore*, which held that "a defendant is not a 'prevailing party' with regard to claims dismissed without prejudice." Nos. 06-35801 & 06-36029, 2008 WL 2230036, at *3 (9th Cir. May 28, 2008). Each of these decisions counsels against a conclusion that dismissal without prejudice confers success on the merits.
> 
> Second, we consider whether a dismissal without prejudice alters the legal relationship of the parties. The Federal Circuit addressed this question in RFR Industries, Inc. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007). There the court concluded that "[a] plaintiff's voluntary dismissal without prejudice . . . does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." Id. The Seventh Circuit reached a similar conclusion in Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1076 (7th Cir. 1987). There, the court concluded that "[a] dismissal without prejudice under Rule 41(a)(1)(i) does not decide the case on the merits" because a plaintiff may refile and "[t]he defendant remains at risk." *Id*. Although these cases involve voluntary rather than involuntary dismissal without prejudice, the risk of refiling underlying their reasoning applies in both procedural postures. Thus we are persuaded that dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of refiling.

In vacating the trial court's award of fees the Appeals Court in *Cadkin* concluded:

**PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -5
ISOMEDIA v. SPECTRUM DIRECT, ET AL.**

**i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299**

> Because the plaintiffs in this lawsuit remained free to re-file their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them.", *id* .

Further, the Ninth Circuit plainly stated that the Buckhannon standard applies to other statutory fee shifting statutes:

> As discussed, we have understood the Court's construction of "prevailing party" applies to federal fee shifting statutes other than the FHAA that contain that phrase, which is appropriate given the Court's reliance on a dictionary definition for its holding. *See Buckhannon*, 532 U.S. at 603, *id. at 1149.*

Thus, the *Buckhannon* "material alteration" test is the standard applied by the Ninth Circuit when considering awards of attorneys fees in fee-shifting statutes, such as the CAN-SPAM Act. Here, because the action was not decided on the merits, and therefore should be dismissed without prejudice, the relationship between these parties has not been "altered". That is, Plaintiff should be free to re-file the case in order to achieve an adjudication on the merits, rather than be foreclosed from further action due to what the Court acknowledged to be a curable deficiency with Plaintiff's evidence.

Further, "The amount of time and effort expended does not affect the plaintiff's right to a voluntary dismissal" *American Soccer Co., Inc. v. Score First Enterprises,* 187 F.3d 1108, 1111 (9th Cir. 1999).

**4.     Attorney Fees Should Not Be Awarded Where Strong Public Policy Favors The Bringing Of Such Cases.** The public policy considerations in favor of bringing actions to enforce the CAN-SPAM Act are many, and were well articulated by Congress in the Congressional Findings intentionally incorporated into the Act at 15 USC 7701. This Court

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES  -6
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

specifically acknowledged the public policy considerations in favor of bringing actions such as the instant one. VRP, at 35:3-6. Given the clear public policy benefits that flow from such actions, an award of attorney fees against a plaintiff such as Isomedia, one of the only ISPs willing to bring such actions, would be counterproductive, and would have a chilling affect on other ISPs who might consider such actions. This is particularly so in this case in light of the fact that the case was not adjudicated on its merits and should therefore be dismissed without prejudice.

**5.  It Would Be Fundamentally Unfair To Dismiss Plaintiff's Claims With Prejudice And/Or To Award Attorney Fees Based On Plaintiff's Failure To Meet A Deadline When Defendants Consistently Failed To Follow Court Orders, Adhere To Deadlines, Or Follow Local Rules.**

As discussed above, Defendants are in essence asking the Court to dismiss Plaintiff's claims with prejudice and award attorney's fees because Plaintiff failed to designate the undersigned counsel's consultant as a witness for the limited purpose of authenticating evidence. While Plaintiff concedes that Plaintiff did not intend to call this witness to testify until it became apparent that the Court would require this witness to authenticate the spam emails, it still cannot be said that Plaintiff was attempting to hide anything from the Defendants. Plaintiff's own deposition testimony showed that Plaintiff never pretended that this consultant didn't exist, and at all times Defendants were well aware not only that this witness existed, but also that this witness was involved in the chain of custody, and had handled the spam on behalf of Plaintff's attorneys.

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -7
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

**i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299**

Thus, Plaintiff wasn't trying to deceive anyone, and more importantly, Plaintiff wasn't relying on this witness for any substantive testimony. Plaintiff simply miscalculated that this witness would not be necessary to authenticate the emails under this Court's view of the applicable rules of evidence.

In contrast, with respect to Direct Wines, the only witness that actually worked for Defendant Direct Wines during the time relevant to the lawsuit, i.e, the period during which the spam was sent on its behalf, was disclosed less than 24 hours prior to the hearing. Dkt. 309. Had the Court ruled that Plaintff's could authenticate their evidence at the hearing, Plaintiff had prepared, and was ready to bring, a motion to strike testimony of this witness as well.

Throughout the litigation, each of the Defendants also failed to follow Court Orders, failed to meet deadlines, and failed to follow local rules. For the Court to now dismiss Plaintiff's claims with prejudice and award attorney's fees for Plaintff's failure to disclose a witness the Court determined on the eve of trial was necessary to authenticate Plaintiff's evidence, while turning a blind eye to what were much more egregious transgressions by Defendants would be fundamentally unfair, and would constitute a miscarriage of justice.

A. **Direct Wines, Inc.**
a. **Direct Wines Failed And Refused To Mediate In Good Faith In Violation Of CR 39.1 And The Court's Case Scheduling Order.** This Court's case scheduling

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -8
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

order Dkt. 169, required the parties to mediate pursuant to Local Rule 39.1 by August 23, 2010. After a short agreed continuance of that deadline the parties scheduled a mediation with Kirk Johns. However, Direct Wines, Inc. sent no party representative to the mediation, neither in person nor made available by phone, and counsel advised Plaintiff and the mediator that they were not prepared to mediate, but that a subsequent mediation would be scheduled. See letter to Court from Kirk Johns Dkt. 274. Despite Plaintiff's request to counsel, Direct Wines never scheduled, nor did they attempt to schedule a mediation. Pursuant to CR 39.1(c)(4)(F) "Willful or negligent failure to attend the mediation conference, or to comply with this rule or with the directions of the mediator, shall be reported to the court by the mediator in writing and may result in the imposition of such sanctions as the court may find appropriate." Here, at a minimum, the Court should deny Direct Wines any claim it may otherwise have for attorney fees as a sanction for its willful failure to mediate. If Direct Wines had attempted to mediate in good faith, the parties may very well have settled this matter prior to September 17, 2010, thereby obviating any possibility of an award of attorney fees arising from the Court's dismissal.

### b. Direct Wines Provided A 30B6 Witness Who Had Virtually No Personal Knowledge Of Pertinent Facts During The Time Period Relevant To This Case.

In response to Plaintiff's 30B6 Notice Of Deposition, Direct Wines, Inc. designated and provided Louis Amoroso to speak on behalf of the corporation. However, at the deposition it became clear that Mr. Amoroso was no longer employed by Direct Wines, and in fact had left the company in September of 2008. The bulk of the emails at issue as to this defendant, were sent

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -9
**ISOMEDIA v. SPECTRUM DIRECT, ET AL.**

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

by Direct Wines subsequent to Mr. Amoroso's termination.  Consequently, Mr. Amoroso had virtually no personal knowledge of events that transpired during the time relevant to this lawsuit. See, Amoroso deposition, Dkt.  .

Nonetheless, Direct Wines specifically designated Mr. Amoroso as their only party witness for trial in the Pretrial Order. Dkt. 282.

c. **Direct Wines Blatantly Misrepresented To The Court That Their Eleventh Hour Witness Kelly Martin Had Been Disclosed In Their Initial Disclosures.**  As discussed above, on the eve of trial, Direct Wines filed a Notice Of Amendment Of Witness List, and added a different witness, Kelly Martin, to testify at trial instead of Mr. Amoroso.  As if this trial by ambush tactic was not bad enough, Defendant went further and blatantly misrepresented to the Court in a signed pleading that they had disclosed Ms. Martin as a witness in their Rule 26 Initial Disclosures. Dkt. 309.  However, in fact, Direct Wines had not disclosed Ms. Martin as a witness in their Initial Disclosures. See Exhibit "A" to the Declaration of Robert J. Siegel submitted herewith.

B. **Prosper, Inc.**

a. **Prosper Failed To Provide Timely And Complete Discovery.**

For the first time in its Trial brief, Prosper indicated that they were going to testify about the contents of contracts with their affiliate marketers.  Prosper had been asked to produce these contracts throughout the litigation, and had steadfastly refused to do so.

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES  -10
ISOMEDIA v. SPECTRUM DIRECT, ET AL.

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

In Isomedia's First Set of Interrogatories and Requests for Production of Documents to Prosper (See Exhibit 1 to Declaration of Robert J. Siegel, Dkt. 268) Isomedia made the following requests no. 2, 5 and 10:

Pursuant to CR 34, please produce the following:

REQUEST FOR PRODUCTION NO.2: All documents in the possession, custody, or control of the Defendant and that the Defendant intends to use to support its claims or defenses.

REQUEST FOR PRODUCTION NO.5: All documents relating to any third party that has sent commercial electronic mail message on behalf of the Defendant including, without limitation, agreements, contracts, correspondence, payments, payment records, notices and complaints for the past 3 years.

REQUEST FOR PRODUCTION NO.10: All documents relating to compliance by any third party that has sent commercial electronic mail message on behalf of the Defendant with, or failure to comply with, RCW 19.190 et seq., the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (also known as the CAN-SPAM Act of 2003), or any other law, rule and/or regulation governing commercial electronic mail messages for the past 3 years. (See Exhibit 1 to Declaration of Robert J. Siegel, Dkt. 268).

After much wrangling the parties conducted a meet and confer under Rule 37. The result of that meeting was a letter dated November 19, 2009. In that letter, Prosper's counsel Jordan Cameron stated:

Prosper cannot identify which affiliates sent the approximately 4,621 allegedly offending emails. **Because Prosper cannot identify the affiliates, Prosper cannot identify any**

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -11
**ISOMEDIA v. SPECTRUM DIRECT, ET AL.**

**i.Justice Law, PC**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

**contracts it has with the unknown affiliates.** (emphasis added) (see Exhibit 2 attached to Dkt. 306)

Having claimed that Prosper could not "identify" the contracts, Prosper thus refused to produce the contracts. At Prosper's FR 30(b)(6) deposition, Prosper then testified that all of these contracts were written contracts.

> A. We contract with affiliates to send approved advertisements. It could be a list of approved advertisements.
>
> Q. Okay.
>
> A. So it's not one specific advertisement.
>
> It's a list of approved advertisements.
>
> Q. Okay. So you contract with them to send advertising generally?
>
> A. Yes.
>
> Q. Okay. And who -- who has those contracts?
>
> A. We do at Prosper.
>
> Q. Okay. Can you produce those? We've asked for them.
>
> …
>
> Q. How many -- how many people do you have or entities do you have contracts with to do that?
>
> A. I don't know.
>
> Q. How many would you guess? Is it more than 10?
>
> …
>
> Q. So somewhere more than a hundred but perhaps less than 200?

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -12
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

A. Yeah. See, I don't know the exact number, but -- yeah, I don't have a list off the top of my head of how many there are.

Q. Okay. Are these written contracts?

A. Yes, every contract's written.

(See P. 9, line 14 - P. 10, line 25 Koyle Deposition attached as Exhibit 6 to Dkt. 306)

Accordingly, Prosper indicated that they intended to testify about the contents of written contracts between Prosper and their affiliates that Prosper indisputably withheld from Isomedia throughout the course of the litigation.

      **b.     Prosper Failed To Disclose Key Witnesses, And Ambushed Plaintiff On The Eve Of Trial By Stating Its Intent For The First Time In Its Trial Brief.**

Defendant Prosper failed entirely to disclose a witness that Prosper alleged was central to it's defense. As shown in their trial brief, (Dkt. 291) Prosper was set to testify that all of their spam was actually sent by a third party (described on Prosper's website as their "partner") whom Prosper had failed to disclose entirely. At the hearing, Plaintiff actually had a motion pending to strike all testimony concerning this undisclosed witness. Dkt. 306.

Not in their Rule 26 disclosures, their discovery answers, nor in their Proposed Trial Order, had Prosper ever identified either "John Cummuta," "Debt to Wealth," "Transform Debt to Wealth," or "Bob Gatchel" as witnesses. In their answers to interrogatories and during Prosper's FR 30(b)(6) deposition, Prosper continued to reiterate that either Prosper and Prosper's Third Party marketers or affiliates were either solely responsible for sending or initiating the emails at issue, or that Prosper could not determine the source of the emails.

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -13
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

                                                      **i.Justice Law, PC**
**PO Box 25817**
**Seattle, WA 98165-1317**
**Phone/Fax: 888-839-3299**

Prosper never supplemented their discovery to indicate that any other person or entity sent the emails. Their answer always remained "Prosper and or another Third Party marketer initiated each email identified and produced by Plaintiff." Then, on Monday, September 13, 2010, five court days before trial, Prosper submitted their Trial Brief which stated:

> Mr. Koyle will testify that all but nine of the emails were sent by John Cummuta or Bob Gatchel, or one of their brand names, i.e. Transform debt to wealth and Debt to wealth.

On the eve of trial, Prosper announced that they would testify that all of the email that Prosper previously claimed as their own was actually sent by these previously unidentified individuals and purported "brand names."

**c.     Both Defendants Failed To Meet And Confer As Required Prior To Filing It's Supplemental Motions In Limine.**

Both Defendants failed to meet and confer prior to filing the supplemental motions in limine addressed at the September 17th hearing, or to certify that they had done so in their motions. There simply was no certification regarding a meet and confer as required by the rules. Dkt. 310 and 311.

Defendants' failures to abide by local rules becomes relevant, since it would hardly be fair for the Court to overlook these types of transgressions for one party while simultaneously granting the death penalty (dismissal with prejudice and attorney's fees) for what could be viewed as more egregious transgressions by the other parties.

PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -14
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>

i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

Consequently, for Defendants to now ask the Court to dismiss Plaintiff's case with prejudice and claim that they should be awarded their attorney fees as the result of Plaintiff's effective failure to meet the deadline for the disclosure of witnesses strikes Plaintiff as the height of irony, and wholly unjustified.

### III. CONCLUSION

Based on the foregoing, Isomedia respectfully requests this Court enter an Order dismissing this action without prejudice, and with each party to bear its own attorney fees.

**RESPECTFULLY SUBMITTED this 1st day of October, 2010.**

<u>i.JUSTICE LAW, P.C.</u>                                    DOUGLAS E. MCKINLEY, JR
                                                              Attorney at Law

/S/ Robert J. Siegel_____                    /S/ Douglas E. McKinley, Jr._____
Robert J. Siegel, WSBA #17312               Douglas E. McKinley, Jr.,WSBA#20806
Attorney for Plaintiffs                              Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2010, I electronically filed the attached document with the Clerk of the Court using the CM/ECF, which will provide notice to all counsel of record herein.

**/s/ Robert J. Siegel_____**
Robert J. Siegel, WSBA#17312

**PLAINTIFF'S RESPONSE TO ORDERS TO SHOW CAUSE
AND IN OPPOSITION TO DEFENDANTS' UNAUTHORIZED
RESPONSES -15
<u>ISOMEDIA v. SPECTRUM DIRECT, ET AL.</u>**

**i.Justice Law, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299**